## Gancsos v. Reserve Life Ins. Co. of Dallas, Texas

530

*Albert E. Acker* and *Weisen, Cusick, Madden, Joyce, Acker & McKay,* for plaintiffs.

*William C. Kuhn* and *Brockway & Brockway,* for defendants.

RODGERS, P. J., April 8, 1960.—To prevail in this action it was necessary for the Reserve Life Insurance Company to prove by a fair preponderance of evidence to the jury the fact that plaintiffs in their application had made a statement of a material fact which they knew to be false at the time it was made. Whether this plaintiff actually made such a material statement knowing it to be false is certainly a matter for the jury. In arriving at their final determination of this question, the jury had several elements to consider. The first was the type of person or persons these plaintiffs were. They were persons of foreign extraction and while plaintiff-husband could understand English to some extent, he certainly had difficulty with it both in the understanding of the questions and in expressing his answers. This was patently clear at the time of the trial. The jury next had to consider whether or not this eager young man who made the sale in this case actually asked the questions which are material here. Plaintiff-husband denies that the questions were asked

while the agent of defendant claims that they were asked.

Three questions are involved here. All are couched in formal, if not technical terms. The first, being no. 6, reads:

"Are you and all other members of the family group to be insured *now* in good health and free from any physical or mental defects?"

The answer as recorded is "yes", and the insurance company claims that this was fraud because, in fact, at that time plaintiff-wife must have been ill with arthritis because she had had a flareup 11 months before and because she was to have another one some 11 months after. The mere stating of this contention demonstrates its weakness.

The next question read: "Have you or any member of the family group to be insured, ever had any disease of the . . ., high blood pressure, . . ., arthritis, . . .?" This question is answered in the negative, and defendant claims this to be fraud because, as a matter of fact, plaintiff wife some 11 months before had been treated in the hospital for arthritis and arteriosclerosis, which they claim is synonymous with high blood pressure. A jury could certainly question where a person of plaintiff's education could be expected to consider high blood pressure to mean arteriosclerosis.

Two questions then remain.

1. Is arthritis a disease which these folks would recognize as such?

2. Was the question asked by the salesman or did the salesman make the negative answer which appears finally on the application form?

Defendant's case would fail if the testimony could sustain a negative finding to either of these questions. In fact, the jury could well have negatived both questions.

532

With reference to arthritis the testimony indicated that while her doctor told her that she had osteoarthritis, plaintiff-wife called this condition a cold and stiffness in the knee. The testimony did not indicate that this condition was described to plaintiff-husband. Thus, the jury could have found that plaintiffs were actually unaware that the wife had arthritis, and that would certainly negative the element of fraud in the case.

In addition, plaintiff-husband who answered the questions for the salesman testified that he was not asked these questions and the jury could certainly have believed him.

*Order*

And now, April 8, 1960, defendant's motion for a new trial is denied, and the prothonotary is directed to enter judgment on the verdict for plaintiff.

*Exception*

And now, April 8, 1960, an exception is sealed to the above order for defendant.

*Final Judgment Verbatim*

Judgment entered against defendant on verdict by order of court at no. 122, September term, 1958, C. D.